United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 03 – 30346
SUMMARY CALENDAR

—————————————

LOUIS R. KOERNER, JR.

Plaintiff - Appellant

v.

THE GARDEN DISTRICT ASSOCIATION; MICHELLE O. LANDRIEU; PAUL MAY; CITY OF NEW ORLEANS

Defendants - Appellees

———————————————————————————————————————

Appeal from the United States District Court for the
Eastern District of Louisiana
(00-CV-2206-I)

———————————————————————————————————————

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review the district court's decision to stay these proceedings pending the resolution of parallel state proceedings. For the following reasons, we affirm the district court's decision.

———————————————

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1979, Plaintiff - Appellant, Louis R. Koerner, Jr. (hereinafter, "Koerner") purchased the property located at 1204 Jackson Avenue (hereinafter, "1204 Jackson") in the New Orleans' neighborhood known as the Garden District. 1204 Jackson is zoned for residential, non-commercial use, but Koerner uses the house as his law office. The New Orleans Comprehensive Zoning Ordinance states that a home may be used for an occupation, so long as (1) it is carried on by a member of the family residing on premises; (2) no person not a resident is employed; and (2) not more than 15% of the floor area of the dwelling is used for the occupation.

In 1979, the City of New Orleans (hereinafter, "City") cited Koerner for zoning violations at 1204 Jackson. The City alleged that Koerner was using in excess of 15% of the property for the operation of a law practice. In response, Koerner reduced the size of the office space to the 15% maximum.

In 1991, the City again investigated Koerner's use of 1204 Jackson for commercial purposes in violation of the applicable zoning regulations. This investigation was instigated by complaints by Defendants-Appellees, The Garden District Association and Michelle Landrieu (hereinafter, collectively "GDA"). This investigation determined that Koerner was in violation of the zoning ordinances by having non-resident workers employed at 1204 Jackson. The City ordered Koerner to stop his non-conforming use of the property.

In 1997, Koerner applied to the City for a permit to operate a bed and breakfast at 1204 Jackson. Koerner argued that he had acquired a right to a non-conforming use of the property for commercial purposes, based on the failure of the City to act against his violation of the zoning

ordinance in regard to the non-resident employees. This application was denied by the City. Koerner appealed the decision to the administrative body established to review zoning issues, the City of New Orleans Board of Zoning Adjustment (hereinafter, "BZA"). The BZA affirmed the decision.

Koerner then filed suit in the Civil District Court for the Parish of Orleans, Civil Action No. 97-15968 (hereinafter, "CDC Zoning Action"), requesting a Writ of Certiorari, Mandamus and Declaratory Judgment, seeking to overturn the BZA's decision. In the CDC Zoning Action, Koerner named only the City of New Orleans as defendant; the GDA was not a party to that proceeding. The state trial court affirmed the BZA's determination. Koerner then appealed the trial court's decision to the Louisiana Fourth Circuit Court of Appeals, which also affirmed. Koerner's application for writ of certiorari was denied by the Louisiana Supreme Court.

Despite the clear holding of the BZA and a final judgment by the state court of appeals, Koerner continued to use 1204 Jackson for prohibited commercial purposes and even expanded the use of the property to include a bed and breakfast.

The City again investigated Koerner's use of his property after complaints from the GDA. During this investigation, City inspectors found that Koerner did not have an occupational licence, which is required for attorneys practicing in the City. The City issued a citation for failure to have such a license.

Koerner's commercial use of his property also impacted the tax status of that property. After purchasing 1204 Jackson, Koerner married Jeane Meade, who owned a house on the next block of Jackson Avenue. In 2000, Betty Jefferson, Assessor for the Fourth Municipal District of the City of New Orleans, investigated whether Koerner was entitled to a homestead exemption on

-3-

1204 Jackson. The GDA provided information to Jefferson as part of this investigation. Based on findings that Koerner operated a law office at 1204 Jackson, and that Meade and Koerner resided at 1314 Jackson Avenue, Jefferson determined that Koerner was not entitled to claim a homestead exemption for 1204 Jackson. Jefferson was initially a defendant in this proceeding, but all disputes between her and Koerner were resolved through a consent judgment.

In the present suit, Koerner alleges that the GDA encouraged the City to violate Koerner's civil rights. Koerner alleges that the City's issuance of a citation for his failure to obtain an occupational license and Jefferson's revocation of his homestead exemption for 1204 Jackson were influenced by the GDA.

In September of 2000, the GDA filed a motion to dismiss. The GDA asserted that the Koerner failed to state a cause of action because: (1) the GDA was not state a actor acting "under color of state law"; (2) any actions taken in petitioning the governmental bodies could not be the basis of any liability under the First Amendment pursuant to the Noerr-Pennington Doctrine; and (3) that the court should not exercise its supplemental jurisdiction over the state law claims.

On April 2, 2001, the GDA filed suit in the Civil District Court for the Parish of Orleans in the matter styled as *Garden District Association v. Louis R. Koerner, Jr.*, C.A. No. 2001-5737(H)(12) (hereinafter, "GDA Enforcement Action"). The GDA sought an injunction to prohibit Koerner from continuing his use of 1204 Jackson in a manner that violated the Comprehensive Zoning Ordinance.

On December 17, 2001, the trial court granted the GDA's motion to dismiss, ruling that: (1) the GDA is a private actor, and does not act under color of state law; (2) the GDA may levy complaints to the appropriate City departments and officers, report violations and seek

-4-

enforcement of the laws; (3) all such actions of contact between the GDA and the City are protected by the First Amendment under the Noerr-Pennington Doctrine; and (4) that the court would not exercise its supplemental jurisdiction over the state law claims.

Ignoring the findings of the trial court's ruling, Koerner then filed a motion for leave to file his first amended complaint. Koerner sought to reassert the previously dismissed claims against the GDA and to add new claims seeking injunctive or declaratory relief that he had obtained a non-conforming commercial use of the property. This motion was granted in part and denied in part. The court refused to allow the reassertion of claims against the GDA; however, the court did allow Koerner to add claims for injunctive or declaratory judgment.

On February 24, 2003, during the pretrial conference, the trial court (1) continued the trial without date and (2) requested that the GDA file a motion to stay the matter pending resolution of the GDA Enforcement Action pending in state court.

The GDA filed a motion to stay on February 28, 2003, asserting that the trial court should stay the matter pending resolution of the GDA Enforcement Action pursuant to the Burford Abstention Doctrine. The GDA argued that the issues remaining to be tried were dependant upon the determination of the issue pending before the state court in the GDA Enforcement Action. On March 27, 2003, the trial court granted the motion to stay. This appeal followed.

II.

STANDARD OF REVIEW

We review the district court's determination to abstain for abuse of discretion. *Lipscomb v. The Columbus Municipal Separate School District*, 145 F.3d 238, 242 (5th Cir. 1998).

BURFORD ABSTENTION

The only remaining claims in this matter are: (1) alleged constitutional violations pertaining to the City's attempted enforcement of the Comprehensive Zoning Ordinance and the citation of Keorner for failing to have the requisite occupational law licence; and (2) the City's defenses to those claims. The allegations made by Koerner depend on whether he has obtained a non-conforming use of 1204 Jackson, which is the issue presented in the parallel state proceeding.

Federal courts have a duty to exercise the jurisdiction conferred upon them by Congress and abstention is the exception not the rule. *Wilson v. Valley Electric Membership Corp.*, 8 F.3d 311 (5th Cir. 1993). However, a number of abstention doctrines have been recognized by the Supreme Court, including the doctrine recognized in *Burford v. Sun Oil Company*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed.2d 1424 (1943).

In applying Burford abstention, the court does not necessarily consider whether the cause of action is based on state or federal law, but instead looks at whether the plaintiff's claim is entangled in an area of state law that must be untangled before the federal case can proceed. *Sierra Club v. City of San Antonio*, 112 F.3d 789, 795 (5th Cir. 1997). Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case at bar; or (2) where the exercise of federal review of the questions in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a mater of substantial public concern. *St. Paul Ins. Co. v. Trejo*, 39 F.3d

585, 588 (5th Cir. 1994).

Five factors have been identified to consider in making this determination: (1) whether the cause of action arises under state or federal law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in the area; and (5) the presence of a special state forum for judicial review. *Wilson*, 8 F.3d at 314. These factors support the trial court's determination to abstain in the current matter pending resolution of the parallel state proceeding.

Even though Koerner has framed his claims as arising under federal law, the underlying issues presented are purely state law issues. Koerner has alleged that the City's enforcement of the Comprehensive Zoning Ordinance and the Occupational Licencing law was wrongful. He has not alleged that these statutes are defective, only that their application to him is unconstitutional. Whether Koerner has established a non-conforming use of his property is purely a state law issue which should be decided in accordance with the adjudicatory process established to address zoning issues. The same is true of whether he has obtained an occupational license.

Further, the second, third, and fourth factors recognized by *Wilson* also favor abstention. Courts have recognized local land use and zoning as areas where local interest and coherent policy are necessary. *Pomponio v. Fauquier County Bd. of Supervisors*, 21 F.3d 1319, 1327 (4th Cir. 1994), *cert. denied*, 115 S.Ct. 192. The court in *Pomponio* stated that federal courts should not leave their indelible print on local and state land use and zoning law by entertaining these cases, and, in effect, sitting as a zoning board of appeals. *Id*.

Finally, the fifth *Wilson* factor is present in this case. The City of New Orleans, the Board of Zoning Adjustment, and the Louisiana state courts have provided Koerner a forum for his

grievances. The City determined in 1997 that Koerner had not achieved a nonconforming commercial use of his property. Thereafter, Koerner appealed that determination to the Board of Zoning Adjustment, which affirmed the decision. Koerner then appealed that determination to the Civil District Court for the Parish of Orleans and the Louisiana Fourth Circuit Court of Appeals. The denial of his non-conforming use was upheld.

The GDA Enforcement Action, the parallel state proceeding, is an action to enforce the determination already made by the BZA, and the Louisiana state courts. Koerner is now seeking to have the federal courts once again determine whether he has obtained a non-conforming use of his property. The trial court properly rejected this attempt by abstaining to inject the federal courts into such local issues.

## IV.

## THE TRIAL COURT'S ORDER

Koerner argues that the trial court's order staying this matter was deficient because it did not contain an analysis of the Burford abstention doctrine. However, the order adopted the reasoning set forth by the GDA in its motion to stay by stating that it had received that motion and was granting it, finding that the issues presented in the state court proceeding were intertwined with the issues presented in this matter. The motion to stay was based solely on Burford abstention. Considering the facts of the case and the contents of motion to stay, the trial court's order was sufficient.

## V.

## CONCLUSION

-8-

For the foregoing reasons, we affirm the district court's decision.