# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-41003
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 29, 2020

Lyle W. Cayce
Clerk

WANDA L. BOWLING,

      Plaintiff - Appellant

v.

JUDGE JOHN ROACH, in his official and individual capacity,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CV-144

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Appellant Wanda Bowling was involved in divorce proceedings in Texas's 296th District Court of Collin County. Judge John Roach presided over the enforcement of Bowling's divorce decree. Bowling brought this *pro se* 42 U.S.C. § 1983 action against Judge Roach in his official and individual capacity.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Bowling brought this suit after a failed attempt to remove her state court divorce proceedings to federal court. *Dahlheimer v. Bowling*, No. 4:19-CV-22-ALM-CAN, 2019 WL

No. 19-41003

Bowling asserted four counts in her amended complaint: (1) unlawful seizure of property; (2) lack of due process; (3) conspiracy to interfere with civil rights by threats and intimidation; and (4) abuse of process. Bowling alleged a wide-ranging conspiracy among multiple judges to deprive her of notice, due process, and property in the course of enforcing her divorce decree.[2] Bowling sought injunctive relief, including "[a]n order placing Plaintiff in the position that she would have been in had there been no violation of her rights," along with damages.

Judge Roach moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The district court referred the motion to dismiss to a magistrate judge, who recommended granting the motion for various reasons. Primarily, the magistrate judge recommended granting the motion to dismiss because the claims against Judge Roach in his official capacity are barred by the Eleventh Amendment and because the *Younger* abstention doctrine bars claims against Judge Roach in his individual capacity. Alternatively, the magistrate judge recommended dismissal of all claims under Rule 12(b)(6) because Judge Roach is entitled to judicial immunity. Bowling filed objections. The district court adopted the recommendations of the magistrate judge and granted the motion to dismiss. Bowling now appeals, arguing that the district court erred by relying on Rules 12(b)(1) and (6) to dismiss her claims. We conclude that Bowling's arguments lack merit and affirm the district court's order dismissing Bowling's claims.

---

948046, at *1 (E.D. Tex. Jan. 25, 2019), *report and recommendation adopted sub nom. Dahlheimer v. Bowling*, No. 4:19-CV-22, 2019 WL 937313 (E.D. Tex. Feb. 26, 2019).

[2] Bowling sued the alleged co-conspirators in separate lawsuits. *See, e.g.*, *Bowling v. McCraw*, No. 4:18-CV-610-ALM-CAN, 2019 WL 2517834 (Mar. 7, 2019 E.D. Tex.), *report and recommendation adopted sub nom. Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025 (Aug. 7, 2019).

No. 19-41003

## I.

We review de novo dismissals under Rules 12(b)(1) and (6).[3] *Bauer v. Texas*, 341 F.3d 352, 356–57 (5th Cir. 2003); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Further, "[o]ur review of subject-matter jurisdiction is plenary and de novo." *Google, Inc. v. Hood*, 822 F.3d 212, 220 (5th Cir. 2016). When a district court invokes an abstention doctrine, "we review [that ruling] for abuse of discretion" but "review de novo whether the requirements of a particular abstention doctrine are satisfied." *Id.* (quoting *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004)). We accept the factual allegations in the complaint as true and resolve any ambiguities in the plaintiff's favor. *Benton*, 960 F.2d at 21.

Because Bowling is proceeding *pro se*, we construe her pleadings liberally. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). However, *pro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

## II.

As for Bowling's claims against Judge Roach in his official capacity, the district court held that Judge Roach is entitled to immunity under the Eleventh Amendment. We agree. Absent an exception to or waiver of sovereign immunity, "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis v. Tarrant Cty.*, 565 F.3d 214, 228 (5th Cir. 2009); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

---

[3] Judge Roach argues that certain district court rulings should be reviewed for plain error because Bowling did not properly object to the magistrate judge's report and recommendation. Because the standard of review is not determinative, and Bowling's pleadings are entitled to liberal construction, we review each issue de novo.

3

No. 19-41003

Bowling argues that the *Ex Parte Young* doctrine—which permits suit against state officials in their official capacities so long as it seeks prospective relief to redress an ongoing violation of federal law—applies here. *Ex parte Young*, 209 U.S. 123, 167–68 (1908); *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515–16 (5th Cir. 2017). In order to apply *Ex Parte Young*, the "court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring in part and concurring in judgement)); *see also Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996).

*Ex Parte Young* does not apply here. Though Bowling does seek prospective injunctive relief,[4] she does not allege "an ongoing violation of federal law." *Verizon Md., Inc.*, 535 U.S. at 645. Bowling does not identify any federal statute or provision of the United States Constitution that Judge Roach is currently violating. Therefore, Bowling has not alleged facts that would allow this court to infer any ongoing violation of federal law.

For these reasons, Bowling's claims against Judge Roach in his official capacity are barred by the Eleventh Amendment.

## III.

As for Bowling's claims against Judge Roach in his individual capacity, the district court held that the *Younger* abstention doctrine bars this court from considering those claims. *See Younger v. Harris*, 401 U.S. 37 (1971);

---

[4] Specifically, Bowling seeks "[a]n Injunctive order permanently enjoining/restraining Judge Roach from further acts of discrimination or retaliation."

No. 19-41003

*Middlesex Cty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). We agree, to the extent Bowling's claims seek injunctive relief.

*Younger* "applies to suits for injunctive and declaratory relief." *Google*, 822 F.3d at 222. "*Younger* established that federal courts should not enjoin pending state criminal prosecutions unless the plaintiff shows 'bad faith, harassment, or any other unusual circumstances that would call for equitable reliefs,' such as a 'flagrantly and patently' unconstitutional state statute." *Id.* (quoting *Younger*, 401 U.S at 53–54). "*Younger* has been expanded beyond the criminal context" and also applies to "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state court's ability to perform their judicial functions." *Id.* (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)); *see also Middlesex Cty.*, 457 U.S. at 432 (applying *Younger* "to non-criminal judicial proceedings when important state interests are involved"). Where *Younger* applies, federal courts must abstain if "there is '(1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) . . . provides an adequate opportunity to raise federal challenges.'" *Id.* (quoting *Sprint Commc'ns, Inc.*, 571 U.S. at 81). Notably, "requests for monetary damages do not fall within the purview of the *Younger* abstention doctrine." *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988).

The first prong of *Younger* is satisfied here because there is "an ongoing state judicial proceeding." *Google*, 822 F.3d at 222 (citation omitted). "The initial frame of reference for abstention purposes is the time that the federal complaint is filed. If a state action is pending at this time, the federal action must be dismissed." *DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984). "In the most basic sense, a state proceeding is *pending* when it is begun before the federal proceeding is initiated and the state court appeals are not exhausted at the time of the federal filing." *Id.* At the time Bowling filed her

federal complaint, Judge Roach had scheduled a hearing regarding the sale of certain property outlined in her divorce decree.  And not long before this suit was filed, Judge Roach was issuing orders directed at Bowling, including an order to appear.  Clearly, at the time Bowling filed suit, the state action seeking enforcement of her divorce decree had begun but was not yet complete.  Therefore, at the time of suit, there was "an ongoing state judicial proceeding." *Google*, 922 F.3d at 222 (citation omitted).

The second prong of *Younger* is satisfied because the ongoing state judicial proceeding "implicates important state interests."   *Id.* (citation omitted). "Family relations are a traditional area of state concern."  *Moore v. Sims*, 442 U.S. 415, 435 (1979).  Likewise, the division of marital assets in the course of enforcing a divorce decree falls within the ambit of important state interest.  *See Estate of Merkel v. Pollard*, 354 F. App'x 88, 94 (5th Cir. 2009) ("[T]he importance of Texas' interest in its own domestic-relations law is obvious."); *Jasper v. Hardin Cty. Sheriff's Dep't*, No. 1:11-CV-408, 2012 WL 4480713, at *9–10 (E.D. Tex. Sept. 5, 2012), *report and recommendation adopted*, No. 1:11-CV-408, 2012 WL 4472261 (Sept. 26, 2012).  Indeed, the Texas Family Code contains clear instructions for Texas judges enforcing property division in divorce decrees, signaling Texas's strong interest in the matter.  *See, e.g.*, Tex. Fam. Code §§ 9.001, 9.002; *cf. Estate of Merkel*, 354 F. App'x at 95 (finding it relevant to the *Burford* abstention doctrine that Texas had "created 'a special state forum for judicial review' of divorce actions" (quoting Tex. Gov. Code Ann. § 24.601).

The third prong of *Younger* is satisfied because the state judicial proceeding "provides an adequate opportunity to raise federal challenges." *Google*, 822 F.3d at 222 (citation omitted).  "[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Moore*, 442 U.S. at 425–26.  Where "a litigant has not attempted to present his federal

claims in related state-court proceedings," we "assume that state court procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Bowling has not alleged any defect in the state court proceedings or in Texas law that "clearly bars" her ability to raise her constitutional claims.[5] Therefore, we assume that the divorce decree enforcement proceedings below, and the proceedings that led to the original divorce decree, provided "an adequate opportunity" to raise federal challenges. *Google*, 822 F.3d at 222 (citation omitted).

For these reasons, the district court correctly abstained from adjudicating Bowling's equitable claims against Judge Roach in his individual capacity under *Younger*.

## IV.

As for Bowling's damages claims against Judge Roach, judicial immunity shields the judge from those claims. "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Judicial immunity can be pierced in two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Bowling argues that Judge Roach engaged in a "nonjudicial action[]" when he allegedly instructed his court reporter to delay the release of

---

[5] Bowling has not exhausted the state appellate process. *Cf. Jasper*, 2012 WL 4480713, at *10 (noting the availability of a right to appeal the state court's decision when assessing whether the state court proceedings afforded an adequate opportunity for plaintiff to raise constitutional challenges). Given this further avenue for relief, any argument that Bowling cannot obtain relief from Judge Roach because of his alleged bias is unavailing.

No. 19-41003

transcripts in order to delay or thwart Bowling's ability to appeal. Communications Judge Roach had with his court reporter regarding courtroom management and administration fall within his judicial capacity. Therefore, Judge Roach's judicial immunity withstands this attack.

Bowling also argues that Judge Roach acted "in the complete absence of all jurisdiction" when he ordered the entire proceeds of a property sale to be awarded to her ex-husband (rather than half of the proceeds). Bowling contends that Judge Roach exceeded the bounds of the divorce decree and thereby exceeded his jurisdiction. Bowling's arguments are unpersuasive. "Where a court has *some* subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Here, the court made a finding that the disputed property was within its jurisdiction. And Texas has given its courts the power to enforce divorce decrees. *See* Tex. Fam. Code. §§ 9.001, 9.002; *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011). Even assuming that Judge Roach "'acted in excess of his authority,' []he is still protected by judicial immunity." *Ballard*, 413 F.3d at 517 (quoting *Malina*, 994 F.2d at 1125). That is because "a judge is not deprived of immunity" merely "because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995) (citation omitted).

For these reasons, Judge Roach is judicially immune to Bowling's damages claims and those claims are properly dismissed.

## V.

Finally, although Bowling devotes significant portions of her briefing to qualified immunity and the applicability of the *Rooker-Feldman* doctrine, the

No. 19-41003

district court's dismissal order did not rest on either of those legal precepts. Therefore, we need not address whether they apply.

## VI.

We affirm.