313 S.W.3d 490 (2010)
In the Interest of C.N., a child.
No. 05-08-01072-CV.
Court of Appeals of Texas, Dallas.
May 14, 2010.
*491 Rande K. Herrell, John B. Worley, Attorney General Office, Child Support Division, Michael D. Becker, Assistant Attorney General, Austin, TX, for Appellant.
Robert E. Hilton, Attorney at Law, Dallas, TX, for Appellee.
Before Justices MOSELEY, FITZGERALD, and LANG-MIERS.

OPINION
Opinion By Justice MOSELEY.
The Office of the Attorney General (OAG) appeals the portions of the trial court's April 28, 2008 Order Suspending Commitment that concern support and custody matters, that is, all matters other than contempt.[1] As set forth below, we conclude this order was signed after the trial court's plenary power had expired and is therefore void as to these matters. We vacate it to the extent of these matters and dismiss this appeal for lack of jurisdiction.

BACKGROUND
In 2001, J.N. was ordered to pay $550 per month in child support for C.N. and $24,200 to the OAG in retroactive child support. When J.N. failed to pay, the OAG filed a motion for enforcement, seeking an arrearage judgment and an income withholding order, and also asking the court to hold J.N. in contempt. An associate judge heard the motion for enforcement on February 26, 2007, and on the same day signed a proposed order finding unpaid child support arrears in the amount of $76,279.50 as of January 31, 2007, with interest, and ordering income withholding. The associate judge also found J.N. in contempt for failing to pay court-ordered child support on four separate occasions, sentenced him to 180 days in the county jail for each separate act of contempt (sentences to run concurrently), and ordered him committed to the county jail beginning on June 4, 2007. Both J.N. and his attorney appeared at the hearing and signed the proposed order. Also on the same day, February 26, 2007, the presiding judge of the 256th Judicial District Court, sitting for the judge of the 301st Judicial *492 District Court, signed an order stating, "The Court approves and adopts the above and foregoing orders as the order of the Court."[2]
J.N. appealed the associate judge's order to the 301st Judicial District Court on March 1, 2007. That court held hearings and signed a second enforcement order, the Order Suspending Commitment, on April 28, 2008, more than a year after the first order was signed. In this second order, the trial court granted judgment for arrears in the amount of $50,000 as of March 13, 2008, with interest. The trial court also reduced the monthly child support to $375; modified visitation, possession, and access; and suspended commitment and placed J.N. on community supervision pursuant to certain terms and conditions. At the OAG's request, the trial court filed findings of fact and conclusions of law. The court denied the OAG's motions for new trial. The OAG appeals from the April 28, 2008 Order Suspending Commitment, arguing in a single issue that it is void as to the support and custody matters, that is, all matters other than contempt, and this appeal should be dismissed.

JURISDICTION
The family code authorizes a trial court judge to refer certain family law matters to associate judges. See generally TEX. FAM.CODE ANN. §§ 201.001-.209 (Vernon 2008 & Supp.2009). An order adopting an associate judge's report as the order of the court disposes of all issues and all parties, and, therefore, is a final judgment for purposes of appeal. See State ex rel. Latty v. Owens, 907 S.W.2d 484, 485 (Tex.1995) (per curiam); see also TEX. FAM.CODE ANN. § 201.011(e) (Vernon 2008) ("After a hearing conducted by an associate judge, the associate judge shall send the associate judge's signed and dated report, including any proposed order, and all other papers relating to the case to the referring court."). The trial court retains plenary power for only thirty days unless a party files an appropriate motion to extend the trial court's plenary power. See TEX.R. CIV. P. 329b(d) ("[R]egardless of whether an appeal has been perfected," trial court retains "plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). Judicial action taken after the trial court's plenary jurisdiction over a cause has expired is a nullity, and an appeal based upon a void judgment should be dismissed for lack of jurisdiction. Owens, 907 S.W.2d at 486 (citing TEX.R. CIV. P. 329b(d)).

DISCUSSION
February 26, 2007, is the date both the proposed order and the trial court's order adopting it were signed. No party filed a motion extending the trial court's plenary power. See TEX.R. CIV. P. 329b(d). Thus, the trial court's plenary power over the cause expired thirty days later, on March 28, 2007. See id. The record shows that J.N. appealed the associate judge's proposed order to the 301st Judicial District Court on March 1, 2007, and the court heard the case on March 8. But, although the district court should have held a hearing on J.N.'s appeal before signing an order adopting the associate judge's report, its failure to do so neither deprived it of jurisdiction to issue the February 26, 2007 order nor made that order void. See Owens, 907 S.W.2d at 485. J.N. never requested the trial court to vacate its February 26, 2007 order, and the trial court's April 28, 2008 order did not vacate *493 the earlier order. J.N. did not timely appeal from the trial court's February 26, 2007 order; he did not file a bill of review. See id. at 486. The April 28, 2008 order was signed after the district court's plenary jurisdiction expired (on March 28, 2007) and is void as to all matters other than contempt. See id.
J.N. argues he had no notice of the trial court's February 26, 2007 order, and rule of civil procedure 306a(4) applies to begin the period of the trial court's plenary power in this circumstance. See TEX.R. CIV. P. 306a(4) (providing that, if, within twenty days after judgment is signed, party has neither received notice nor acquired actual notice, time periods begin on date party either received notice or acquired actual notice, whichever occurred first, but in no event shall periods begin more than ninety days after original judgment was signed). However, to invoke this exception, "the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX.R. CIV. P. 306a(5). The record does not reflect a motion was filed to extend post-judgment deadlines under rule 306a.
We resolve the OAG's issue in its favor. We vacate those portions of the April 28, 2008 Order Suspending Commitment that concern support and custody, that is, all matters other than contempt, because they are void. This leaves the trial court's February 26, 2007 Order Adopting Associate Judge's Report intact as the final order in this case as to those matters. We dismiss this appeal for lack of jurisdiction.
NOTES
[1] As the OAG recognizes, a court of appeals lacks jurisdiction to review a contempt order on direct appeal. Norman v. Norman, 692 S.W.2d 655, 655 (Tex.1985) (per curiam); Tracy v. Tracy, 219 S.W.3d 527, 530 (Tex. App.-Dallas 2007, no pet.). Contempt orders involving confinement may be reviewed by writ of habeas corpus; contempt orders that do not involve confinement may be reviewed only through mandamus. Tracy, 219 S.W.3d at 530. The contempt portions of the April 28, 2008 Order Suspending Commitment are not before the Court in this appeal. See In re Office of the Attorney Gen. of Tex., 215 S.W.3d 913, 916 (Tex.App.-Fort Worth 2007, orig. proceeding) (arrearage portion of order appealable, but not contempt); In re M.P.M., 161 S.W.3d 650, 653 n. 1 (Tex.App.-San Antonio 2005, no pet.) (same).
[2] This single-line order is found on page eight, the last page, of the associate judge's proposed order and is titled "Order Adopting Associate Judge's Report." It was signed and dated by the presiding judge of the 256th Judicial District Court.