Matthew R. POLLARD, Independent
Executor of the Estate of Marie A.
Merkel, Deceased, Appellant,

v.

Rupert M. POLLARD, Appellee.

No. 05–08–01615–CV.

Court of Appeals of Texas,
Dallas.

June 25, 2010.

R.W. Calloway, Scott D. Weber, Mary C. Burdette, Calloway, Norris, Burdette & Weber, Dallas, TX, for Appellant.

Rupert M. Pollard, Dallas, TX, pro se.

Portia J. Bott, Attorney at Law, Austin, TX, for Appellee.

Before Justices BRIDGES, FITZGERALD, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

In a single issue, appellant Matthew R. Pollard, Independent Executor of the Estate of Marie A. Merkel, Deceased (Executor), asserts the trial court erred in dismissing the divorce action for lack of jurisdiction. After reviewing the record, we dismiss this appeal for lack of jurisdiction.

### Procedural Background

The following is a brief rendition of this case preceding this appeal.

Marie Merkel filed for divorce from appellee Rupert Pollard in 1992. The trial court signed a final decree of divorce on January 30, 1996 (First Decree), and Pollard appealed the judgment. This Court concluded the trial court erred in entering judgment based on a repudiated mediated settlement agreement, reversed the trial court judgment, and remanded the cause to the trial court. *Pollard v. Merkel*, No. 05–96–00795–CV, 1999 WL 72209, at *2–3 (Tex.App.-Dallas Feb. 12, 1999, no pet.) (not designated for publication) (*Pollard I*). Neither Merkel nor Pollard filed a

motion for rehearing with this Court or a petition for review with the Texas Supreme Court regarding the opinion in *Pollard I.*

Following the remand of *Pollard I,* Merkel filed an amended petition for divorce asserting fault-based grounds for divorce. After a jury trial, the trial court signed an amended final decree of divorce on May 7, 2001 (Second Decree). Pollard appealed that judgment. On appeal, this Court concluded the trial court abused its discretion in denying Pollard's motion to disqualify Merkel's attorney, and again reversed the trial court's judgment and remanded the cause to the trial court. *Pollard v. Merkel,* 114 S.W.3d 695, 703 (Tex. App.-Dallas 2003, pet. denied) (*Pollard II* ).

Before the litigation proceeded on remand and unbeknownst to the trial court or Pollard, Merkel died in October 2004. A probate of Merkel's estate was filed in a Dallas County statutory probate court in January 2005. *See* TEX. GOV'T CODE ANN. § 25.0591(d)(3) (Vernon 2004); TEX. PROB. CODE ANN. § 5(d) (Vernon 2003). A suggestion of Merkel's death was filed in the probate action, and Matthew Pollard, Merkel and Pollard's son, was appointed independent executor of Merkel's estate on February 14, 2005. According to the record, Pollard learned of Merkel's death in "late February 2005." In June 2005, Pollard filed a number of unsecured claims against Merkel's estate in the probate action.

Still unaware of Merkel's death, the trial court in the divorce action dismissed "the case" for want of prosecution on February 23, 2005. No appeal of the dismissal order was filed by any party, and until August 2007, no motion was filed with the trial court by any party seeking to reinstate the case or seeking to vacate, modify, or correct the dismissal order. On August 23, 2007, Pollard filed a motion to vacate the trial court's dismissal for want of prosecution and a motion to dismiss the divorce action for lack of subject matter jurisdiction. Pollard filed a suggestion of Merkel's death in the trial court on August 24, 2007. The Executor filed a notice of appearance in the trial court on September 28, 2007. On September 12, 2008, the trial court signed an order vacating as void the February 23, 2005 order of dismissal for want of prosecution and, "in light of Marie A. Merkel's death on October 10, 2004," dismissing the "divorce action in this case" for want of jurisdiction. The Executor filed this appeal of the September 12, 2008 order.

## Analysis

■ In a single issue, the Executor maintains the trial court erred in dismissing the divorce action for lack of jurisdiction. Pollard filed a motion to dismiss this appeal arguing this Court does not have subject matter jurisdiction over the appeal. The question of jurisdiction is a legal issue; therefore, we follow the de novo standard of review. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

## Marital Status of Merkel and Pollard at Time of Merkel's Death

■ The Executor and Pollard agree that the central issue in determination of the trial court's jurisdiction is whether Merkel and Pollard were divorced at the time of Merkel's death. The Executor asserts that Pollard's appeal and the subsequent reversal of the First Decree in *Pollard I* applied only to the division of marital property and not to Merkel's and Pollard's marital status. According to the Executor, Merkel and Pollard were divorced as of the date of the First Decree and remained divorced following the rever-

sal and remand to the trial court in *Pollard I*.

Pollard responds that because he did not file a notice of limitation of appeal pursuant to former rule of appellate procedure 40(a)(4) in *Pollard I*, the entire case was before this Court on appeal. Although the Executor acknowledges that Pollard did not file a notice of limitation of appeal, the Executor contends that Pollard limited his notice of appeal by admitting in his appellate brief in *Pollard I* that he did not contest the dissolution of the marriage. We disagree.

Former rule of appellate procedure 40(a)(4) provided:

> Notice of Limitation of Appeal. No attempt to limit the scope of an appeal shall be effective unless the severable portion of the judgment from which the appeal is taken is designated in a notice served on all other parties to the trial court's final judgment within fifteen days after judgment is signed, or if a motion for new trial is filed by any party, within seventy-five days after judgment is signed.

Tex.R.App. P. 40(a)(4) (repealed Sept. 1, 1997); *see also Carpenter & Assocs., Inc. v. Nater Invs., N.V.*, 738 S.W.2d 351, 354 (Tex.App.-Austin 1987, writ denied). Because the appeal in *Pollard I* was perfected prior to September 1, 1997, former rule 40(a)(4) was applicable to that appeal. *See Russell v. Panhandle Producing Co.*, 975 S.W.2d 702, 710 n. 10 (Tex.App.-Amarillo 1998, no pet.). The only way Pollard could have limited the scope of his appeal in *Pollard I* was by filing the notice under former rule 40(a)(4). *See Grossnickle v. Grossnickle*, 935 S.W.2d 830, 848–49 (Tex.App.-Texarkana 1996, writ denied) (relying on former rule 40(a)(4), appellate court's jurisdiction limited to matters designated in notice of limitation of appeal). Because Pollard did not file a rule 40(a)(4) notice of

limitation of his appeal in *Pollard I*, the appeal was not limited to the division of marital property, and statements in Pollard's appellate brief did not restrict this Court's jurisdiction over the trial court's judgment.

■ Pollard also asserts that although an appellate court may have the power to determine property division while leaving a trial court's judgment dissolving a marriage intact, that did not occur in *Pollard I*. We agree.

We recognize that some Texas cases support the premise that an "appellate court does have the authority to affirm and sever the issue of divorce and remand for re-division of the property alone." *Herschberg v. Herschberg*, 994 S.W.2d 273, 277 (Tex.App.-Corpus Christi 1999, no pet.) (citing *In re Marriage of Knighton*, 685 S.W.2d 719, 723 (Tex.App.-Amarillo 1984, no writ) (op. on reh'g)). However, opinions supporting that premise are reversals explicitly affirming divorces while remanding the property divisions or other issues. *See McKnight v. McKnight*, 543 S.W.2d 863, 864, 868 (Tex.1976) (The husband appealed the division of property made by the trial court. "The judgment of the court of civil appeals is reversed and the cause is remanded to the trial court for division of the property. In all other respects the judgment of the court of civil appeals is affirmed."); *Herschberg*, 994 S.W.2d at 275 (quoting from prior opinion of court of appeals in *Herschberg v. Herschberg*, No. 13–96–215–CV, 1997 WL 33760711, at *1 (Tex.App.-Corpus Christi July 10, 1997, no pet.) (not designated for publication)) ("We affirm the trial court's judgment granting the divorce. We reverse the rest of the judgment and remand the case to the trial court for a jury trial."); *Knighton*, 685 S.W.2d at 723 (The wife appealed the custody portion of the divorce case judgment. "[The] motion for

rehearing is granted to the extent that the portion of the trial court's judgment granting the divorce and dividing the marital property of the parties is affirmed. The portion of the trial court's judgment determining conservatorship of the minor children of the parties is reversed and the case is remanded for retrial of all issues pertinent to conservatorship, possession, and support of the children."); *Roach v. Roach,* 672 S.W.2d 524, 532 (Tex.App.-Amarillo 1984, no writ) ("[T]hat part of the trial court's judgment decreeing [the parties] . . . are divorced is affirmed; otherwise, the judgment is reversed and the cause remanded to the trial court."). However, *Pollard I* did not affirm the divorce decree and remand the property division to the trial court. Instead, this Court reversed the trial court's judgment and remanded the "cause for further proceedings." *Pollard I,* 1999 WL 72209, at *3. Unlike the opinions cited above that explicitly affirmed divorce decrees and remanded property division issues to the trial court, *Pollard I* did not do so. Therefore, Merkel and Pollard were not divorced when *Pollard I* was remanded to the trial court.

After *Pollard I* remanded the divorce case to the trial court for further proceedings, the case was tried before a jury and the trial court signed the Second Decree. Pollard appealed, and this Court reversed the judgment and remanded the cause to the trial court. *See Pollard II,* 114 S.W.3d at 703. Because no divorce decree had been rendered between the time of the reversal of the Second Decree and Merkel's death, Merkel and Pollard were not divorced when Merkel died.[1]

### Death of Spouse During Pendency of Divorce Action

■■■ Having concluded that Merkel and Pollard were married at the time of her death, we disagree with the Executor's contention that despite Merkel's death, the trial court retained jurisdiction to determine a division of property in the divorce action. Generally, when a party to a suit dies, the suit will not abate if the cause of action survives the death of that party. Tex.R. Civ. P. 150. However, in Texas, "[i]t is well settled that a cause of action for a divorce is purely personal and that the cause of action for a divorce terminates on the death of either spouse prior to the rendition of a judgment granting a divorce." *Garrison v. Tex. Commerce Bank,* 560 S.W.2d 451, 453 (Tex.Civ.App.-Houston [1st Dist.] 1977, writ ref'd n.r.e.); *see also Whatley v. Bacon,* 649 S.W.2d 297, 299 (Tex.1983) (orig. proceeding) (death of a party abates divorce action and its incidental inquiries of property rights and child custody); *see also Smelscer v. Smelscer,* 901 S.W.2d 708, 710 (Tex.App.-El

---

1. Although not relying on these opinions as precedent, we note that the issue of Merkel's and Pollard's marital status at the time of her death has been the subject of federal court opinions. *See Estate of Merkel v. United States,* No. 3:06–CV–1891–D, 2009 WL 256508, at *3 (N.D.Tex. Feb. 4, 2009) (mem. op.) (judgment declaring that Merkel and Pollard were not divorced by First Decree, Merkel and Pollard were not divorced by Second Decree, and Merkel and Pollard were legally married on date of Merkel's death), *vacated by Estate of Merkel v. Pollard,* 354 Fed.Appx. 88, 89, 89–90 (5th Cir.2009) (per curiam) (not selected for publication) (because issue on appeal of whether Merkel and Pollard were married at time of her death was state-law question of divorce, court vacated judgment and abstained from deciding matter), *cert. denied,* 130 S.Ct. 3323, ——, —— S.Ct. ——, 176 L.Ed.2d 1220 (2010). *See also Estate of Merkel v. United States,* No. 3:06–1891–D, 2008 WL 3152974, at *2 (N.D.Tex. Aug. 6, 2008) (mem. op.) (adheres to earlier decision in *Estate of Merkel v. United States,* No. 3:06–CV–1891–D, 2008 WL 3152986, at*3 (N.D.Tex. July 29, 2008) (mem. op.), that Merkel and Pollard not divorced prior to her death).

Paso 1995, no writ) (death of husband during divorce action caused abatement of divorce action along with subsidiary issue of child custody); *McKenzie v. McKenzie,* 667 S.W.2d 568, 571–72 (Tex.App.-Dallas 1984, no writ). The death of either party to the divorce action prior to entry of the divorce decree withdraws the court's subject matter jurisdiction over the divorce action. *See Garcia v. Daggett,* 742 S.W.2d 808, 810 (Tex.App.-Houston [1st Dist.] 1987, orig. proceeding [leave denied]) (death of wife immediately deprived court of jurisdiction over divorce action, and temporary custody orders entered after death of wife were void); *Parr v. White,* 543 S.W.2d 445, 448 (Tex.Civ.App.-Corpus Christi 1976), *writ ref'd n.r.e. by per curiam op.,* 559 S.W.2d 344 (Tex.1977) (death of either party prior to entry of divorce decree withdraws court's subject matter jurisdiction of underlying divorce litigation).

With regard to this appeal, the controlling fact is that Merkel's death in October 2004, while she was still married to Pollard, relieved the trial court of its jurisdiction to decide the question of whether Merkel and Pollard should be granted a divorce.

**Dismissal of Divorce Case**

■ Where, as here, one of the parties to a divorce action dies prior to a divorce being rendered, the proper procedural disposition is dismissal of the divorce action. *See Whatley,* 649 S.W.2d at 299; *Daggett,* 742 S.W.2d at 809. In the case at bar, the trial court's February 23, 2005 dismissal of the case—the divorce action—was proper. *See In re Nelson,* No. 06–09–00027–CV, 2009 WL 658386, at *1 (Tex.Civ.App.-Texarkana 2009, Mar. 11, 2009, orig. proceeding) (trial court correctly dismissed divorce proceedings after spouse died prior to judgment of divorce). The dismissal was proper even though the dismissal was for

want of prosecution. *See In re Gen. Motors,* 296 S.W.3d 813, 823, 827, 828 (Tex. App.-Austin 2009, orig. proceeding) (district court had jurisdictional power to dismiss claims, and its inadvertent order of dismissal for want of prosecution was subject to becoming final under rules of civil procedure).

**Jurisdiction Over this Appeal**

■ We agree with the Executor's argument that the trial court's plenary power expired thirty days after signing the dismissal for want of prosecution. A trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment within thirty days after the judgment is signed. Tex.R. Civ. P. 329b(d); *First Alief Bank v. White,* 682 S.W.2d 251, 252 (Tex.1984) (orig. proceeding) (per curiam). If no party to a judgment files a motion to extend the trial court's plenary power, the trial court loses plenary power over the judgment thirty days after the judgment is signed. *Bass v. Bass,* 106 S.W.3d 311, 314 (Tex.App.-Houston [1st Dist.] 2003, no pet.). After the expiration of those thirty days, the trial court has no authority to set aside a judgment except by bill of review for sufficient cause. Tex.R. Civ. P. 329b(f); *Thursby v. Stovall,* 647 S.W.2d 953, 954 (Tex.1983) (orig. proceeding) (per curiam).

Here, there was no timely challenge to the dismissal, whether by a motion to reinstate the case, a motion for new trial, any motion that would have extended the trial court's plenary power, an appeal, or a bill of review. *See* Tex.R. Civ. P. 165a & 329b; Tex.R.App. P. 26.1. When the trial court's plenary power expired, the order of dismissal for want of prosecution became final. *See In re Gen. Motors,* 296 S.W.3d at 823.

■ Pollard argues that third-party claims in this case against The Marie

Merkel Children's Trust (Trust) and its trustee prevent the dismissal for want of prosecution from becoming final. We disagree. In August 2000, Pollard filed a third-party action against the Trust and Merkel and Pollard's daughter, Tiffany Pollard, as trustee, claiming that in an effort to defraud him, Merkel transferred community assets into the Trust without his consent. According to the record, Pollard contends that the Trust was created in March 1996 after the First Decree was signed, but that he did not learn of the Trust until late 1999. Pollard's allegations regarding fraud on the community estate in the divorce action were an effort by Pollard to recover specific property purportedly wrongfully conveyed by Merkel or to achieve compensation for his alleged lost interest in the community estate. "If a spouse disposes of community property in fraud of the other spouse's rights, the aggrieved spouse has a right of recourse against the property or estate of the disposing spouse; and, if that proves to be of no avail, then the aggrieved spouse may pursue the proceeds to the extent of [the aggrieved spouse's] community interest into the hands of the party to whom the funds have been conveyed." *Carnes v. Meador*, 533 S.W.2d 365, 371 (Tex.Civ. App.-Dallas 1975, writ ref'd n.r.e.). *See Parr*, 543 S.W.2d at 447–449 (upon death of wife during pendency of divorce proceeding and opening of probate, probate court acquired full and exclusive jurisdiction over wife's property; divorce action and receivership judgment for allegedly fraudulent conveyances from wife to sister became moot upon death of wife).

Pollard's constructive fraud suit potentially affects the classification and distribution of Merkel's estate property and is, therefore, a suit pertaining to an estate. *See Henry v. LaGrone*, 842 S.W.2d 324, 327 (Tex.App.-Amarillo 1992, orig. proceeding); *see also* TEX. PROB.CODE ANN. § 5B(a) (Vernon Supp. 2009) (allows consolidation of all causes of action related to a probate proceeding pending in a statutory probate court). Indeed, Pollard's unsecured claims against Merkel's estate in the probate action include an unsecured claim founded on the purported fraudulent transfer of community property into the Trust. The probate court acquired full and exclusive jurisdiction over those claims upon Merkel's estate. *See Parr*, 543 S.W.2d at 449 (actions in which husband sought to recover property or collect damages for conversion of property alleged to be his community property were incident to estate of deceased wife and within exclusive jurisdiction of probate court, and trial court did not err in dismissing those actions for want of jurisdiction).

A timely notice of appeal is essential to invoke this Court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). There was not a timely notice of appeal of the February 23, 2005 dismissal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX.R.APP. P. 42.3(a).

### Conclusion

We grant Pollard's motion to dismiss this appeal for lack of jurisdiction, and we dismiss this appeal for lack of jurisdiction.