

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1801-10

### EX PARTE MIGUEL MARTINEZ, Applicant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE EIGHTH COURT OF APPEALS EL PASO COUNTY

**COCHRAN, J., filed a concurring opinion in which PRICE, J., joined**.

I agree that dismissing appellant's appeal is "without prejudice to his ability to file future 11.072 writ applications in this matter."[1]  I write separately because the solution to appellant's legitimate dilemma is not intuitively obvious.  The solution is this:  He may file a subsequent writ application under Article 11.072 alleging the due-process violation–the deprivation of his right to appeal–that had not yet occurred at the time that he filed his original writ application, and request reconsideration of his original writ to remedy that second purported constitutional error.  This is akin to our Article 11.07 writ process of

---

[1] Op. at 2.

granting an out-of-time appeal when either the appellate attorney fails to properly file a notice of appeal[2] or there is a "breakdown in the system" that prevents the filing of a proper notice of appeal.[3]

## I.

In 2003, appellant was charged with possession of cocaine. He pled guilty to a Class A misdemeanor and was placed on community supervision for two years. He successfully completed his community supervision and obtained early release in 2004. On May 25, 2010, appellant filed a writ of habeas corpus pursuant to Article 11.072,[4] alleging that his plea was involuntary because his trial attorney had not advised him that his plea would result in

---

[2] *See, e.g., Ex parte Smith*, No. AP-76579, 2011 WL 2420314, at *1 (Tex. Crim. App. June 15, 2011) (granting habeas relief and permitting out-of-time appeal when trial counsel was ineffective for failing to file timely notice of appeal); *Ex parte Foster*, No. AP-76467, 2011 WL 2420330, at *1 (Tex. Crim. App. June 15, 2011) (same); *Ex parte Richardson*, No AP-76546, 2011 WL 2420330, at *1 (Tex. Crim. App. May 11, 2011) (same) (all not designated for publication).

[3] *See Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) (granting, via writ application under 11.07, right to file an out-of-time PDR because of a "breakdown in the system" in which defendant's attorney did not receive timely notice of decision issued by court of appeals); *see, e.g.,* the following unpublished opinions: *Ex parte Brown*, No. AP-76577, 2011 WL 2420340, at *1 (Tex. Crim. App. June 15, 2011) (granting relief under Article 11.07 and allowing for out-of-time appeal when defendant's notice of appeal was untimely because of a "breakdown in the system, rather than deficient performance on the part of trial or appellate counsel"); *Ex parte Lacey*, No. AP-76540 & AP-76541, 2011 WL 1734253, at *1 (Tex. Crim. App. May 4, 2011) (granting relief under Article 11.07 and permitting out-of-time appeal because of a "breakdown in the system"; "although notices of appeal were signed and presented to the court clerk by counsel, the notices were misplaced by the court clerk and not timely filed"); *Ex parte Medellin*, No. AP-76475, 2011 WL 198691, at *1 (Tex. Crim. App. Jan. 12, 2011) (granting relief under Article 11.07 and permitting out-of-time appeal because of a "breakdown in the system" in which notice of appeal was not timely filed): *Ex parte Gasper*, No. AP-76313 & AP-76314, 2011 WL 975318, at *1 (Tex. Crim. App. March 17, 2010) (same).

[4] TEX. CODE CRIM. PROC. art. 11.072.

deportation.[5]  The State filed its answer on June 7, along with a proposed order.  The trial

judge signed the State's order on June 11, but she inadvertently placed the signed order in

the file under some other papers on her desk.  And there it sat as the appellate clock silently

ticked away.

Appellant's counsel made several inquiries about the status of the writ: on June 17,

he faxed a letter to the trial court requesting a status hearing.[6]  On June 30, he filed additional

affidavits in support of his requested relief.[7]  Neither the State nor appellant knew that the

trial judge had signed the order until July 19, when the court coordinator went through the

files on the judge's desk and found the missing order. Appellant's counsel received the order

by mail on July 21.  By then, the thirty-day window to file notice of appeal had long expired,

even though appellant's counsel did not know, and could not possibly know, that the order

had been signed over a month earlier.

The very next day, July 22, appellant's counsel sent the trial judge a letter requesting

a hearing to find out what had gone awry.[8]  On August 18, the trial judge held that hearing

and she stated on the record that it was  "unfortunate that the court was a participant in the

fact that you didn't get notice in time to" file the appeal.  The court coordinator testified that

---

[5] *See Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).

[6] See trial counsel's affidavit of September 23, 2010, submitted to the court of appeals in explanation of his "untimely" notice of appeal.

[7] *Id.*

[8] *Id.*

she did not advise either the State or appellant's counsel that the trial judge had signed the

order because she did not know that the judge had done so until she went hunting for the

missing file on July 19. Now armed with an official record and an explanation of what had

prevented him from timely filing a notice of appeal, appellant's counsel filed his notice of

appeal in the trial court on August 18, the same day as the hearing.[9]

The Eighth Court of Appeals rejected appellant's reliance upon the more liberal Rule

306a(4) of the Texas Rules of Civil Procedure, which states that "if notice of judgment is not

received within twenty days of signing, periods for appellate timetables begin to run on the

date the actual notice of judgment is received."[10] This rule provides a due-process safety

valve for situations such as this one. Rule 306a(4), however, applies only to civil cases in

---

[9] The State argues that appellant's counsel could have filed a motion for extension of time in which to file a notice of appeal in the court of appeals under TEX. R. APP. P. 26.3, as that fifteen-day extension period did not run out until July 26, five days after appellant's counsel received a copy of the written order. While counsel could have done that, he did not yet have any explanation for why he did not receive timely notice of the order and no trial court record that showed his lack of negligence or culpability. It might seem peculiar to the appellate court for an attorney to file such a motion with the lame excuse, "I don't know why I wasn't informed of the signing of the trial court's order more than 30 days ago, but I wasn't. Honest."

[10] TEX. R. CIV. P. 306a(4) (providing that, if, within twenty days after judgment is signed, party has neither received notice nor acquired actual notice, time periods begin on date party either received notice or acquired actual notice, whichever occurred first, but in no event shall periods begin more than ninety days after original judgment was signed); *see In re C.N.*, 313 S.W.3d 490, 493 (Tex. App.—Dallas 2010, no pet.) (to invoke the exception under Rule 306a(4), "'the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.'") (quoting TEX. R. CIV. P. 306a(5)). Appellant's counsel proved, in the trial court, the date on which he received actual notice of the signing of the trial court's order and the date that he received a copy of that order.

which money is at stake; it does not apply to criminal cases in which freedom is at stake. As

the Eighth Court of Appeals aptly noted, this Court has not adopted that civil rule and we are

extremely strict when it comes to the filing of a notice of appeal, even when the appealing

party had no notice that the trial judge had signed an appealable order.[11] "A timely notice of

appeal is necessary to invoke [the appellate court's] jurisdiction."[12]

We granted appellant's petition for discretionary review, which raised a single ground

for review:

> The Eighth Court erred in dismissing Petitioner's appeal for want of
> jurisdiction because Petitioner timely filed his notice of appeal, within thirty
> days of the date the trial court's order denying relief was filed with the clerk
> and within thirty days of the date the trial court first made any of the parties
> aware of its order denying relief.

But the Court rejects appellant's argument with a cite to our prior opinion in *State v.*

*Rosenbaum*, in which we held that a trial judge "enters" an order when he signs it, regardless

---

[11] *Ex parte Martinez*, No. 08-10-00258-CR, 2010 WL 3904496, at * 3 (Tex. App.—El Paso Oct. 6, 2010). The court of appeals relied upon *State ex rel. Sutton v. Bage*, 822 S.W.2d 55 (Tex. Crim. App. 1992), in which this Court held that the State's late-filed notice of appeal was not effective to confer jurisdiction on the appellate court even though the State did not have notice of the signed order until after the time to file notice of appeal had run out. As Presiding Judge McCormick noted in dissent, "a party may be denied a right to appeal in any case where a judge, without notice to the party, signs an appealable order which does not get filed (entered) of record within the time required for notice of appeal." *Sutton,* 822 S.W.2d at 58 (McCormick, P.J., dissenting). He is right and, at least for a defendant who has a statutory right of appeal, that is a due-process violation. It is also unfair to the State when it has a statutory right of appeal, even if the State does not literally have a constitutional "due-process" right to appeal. The Court can and should enact a rule of appellate procedure like that of Rule 306a for the benefit of both defendants and the State.

[12] *Martinez*, 2010 WL 3904496, at *4.

of whether the parties are informed of that act.[13]

II.

The Court concludes with the statement that appellant may file "future 11.072 writ applications in this matter." Yes, he may, but Section 11.072, § 9(a), prohibits consideration of a subsequent application "unless the subsequent application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application . . . because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application."[14] Therefore, appellant may not simply refile his original application alleging an involuntary plea and hover over the judge's shoulder until she signs the order denying relief so appellant can timely file a new notice of appeal and obtain the appeal to which he was statutorily entitled after the first order was signed.

But appellant may file a subsequent application for a writ of habeas corpus under Section 11.072 alleging that his due-process right to appeal the denial of his writ application alleging an involuntary plea was violated because of a "breakdown in the system."[15] The facts that led to the denial of appellant's right to appeal obviously were not known to him at

---

[13] *State v. Rosenbaum*, 818 S.W.2d 398, 401-03 (Tex. Crim. App. 1991) (concluding, nevertheless, that when a trial judge signs an order on one day and states that it is not to be entered until a later date, that later date controls for purposes of filing a notice of appeal).

[14] TEX. CODE CRIM. PROC. art. 11.072, § 9(a).

[15] See note 3 *supra*.

the time he filed his original writ application and, even with the best due diligence, could not have been known because they had not yet occurred.

To remedy the due-process violation, the trial judge may reconsider her original ruling denying relief. She may then sign a new order–hopefully in open court. That signed order will reset the appellate timetable and provide appellant with his due-process and statutory right to appeal if the trial judge denies relief, and it will begin the appellate timetable for the State if she grants relief on reconsideration.[16]

Filed: June 29, 2011
Do Not Publish

---

[16] TEX. R. APP. P. 11.072, § 8 (providing a right of appeal to both the applicant and to the State, depending on whether a writ application is denied or granted).