**DISMISS; Opinion issued December 12, 2012.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00470-CV

## IN RE B.L.P., A.L.P., and H.L.P.

On Appeal from the 304th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 90-1214-W

# MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald and Lang-Miers
Opinion By Justice O'Neill

Appellant Lonnie Ray Fagan appeals an order denying a "Motion to Modify for Bill of Review." In 1990, the trial court entered an order of paternity and order to withhold appellant's earnings for child support regarding appellant's three children. Ten years later, after all three of his children turned eighteen years old, and well after the withholding order had expired, appellant filed a "Motion for Modification of Judgment."

The motion was set for a hearing on January 11, 2011 after which the trial court orally denied the motion as untimely. Appellant requested findings of fact and conclusions of law and later a notice of past due findings. Appellant also filed a notice of appeal complaining of the trial court's January 11, 2011 ruling. On January 24, 2012, we requested the district clerk to supplement the record with the trial court's January 11, 2011 order. The district clerk supplemented the record with

the trial court's order on the "Motion to Modify for Bill of Review" that was not signed until July 12, 2011.

We have carefully reviewed appellant's "Motion for Modification of Judgment." In his motion, appellant attempts to invoke the trial court's continuing jurisdiction under section 156.401 of the family code. TEX. FAM. CODE ANN. § 156.401 (West 2008). However, even construing appellant's motion liberally, who was pro se below and on appeal, it is apparent that his complaints are directed to the original 1990 withholding order. All of appellant's complaints could have been raised in a direct appeal from that order.

A trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment within thirty days after the day a judgment is signed. TEX. R. CIV. P. 329b(d). On expiration of the trial court's plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause. TEX. R. CIV. P. 329b(f). Here, appellant should have raised his complaints in a timely appeal from the 1990 order. Instead, he filed a "motion for modification" long after the trial court's plenary power expired. See TEX. R. CIV. P. 329b. Consequently, the trial court had no jurisdiction to consider the motion. See In re C.N., 313 S.W.3d 490, 492 (Tex. App.—Dallas 2010, no writ).

We note the trial court's order is entitled "Motion to Modify on Bill of Review" and the attorney general responds to this appeal as an appeal from denial of a bill of review. However, despite the ambiguous title of the trial court's order, a review of the proceedings below do not support treating the motion to modify as a bill of review. Rather, the motion to modify was not filed as an independent proceeding, did not purport to set out the prima facie requirements of a bill of review, and was summarily dismissed by the trial court. Furthermore, appellant does not contend on appeal that he met the requirements of a bill of review. Consequently, we conclude appellant's motion was

an untimely motion to modify the original judgment. As such, the trial court had no jurisdiction to consider that motion. Consequently, we dismiss this appeal.

MICHAEL J. O'NEILL
JUSTICE

110470F.P.05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LONNIE RAY FAGAN, Appellant

No. 05-11-00470-CV        V.

THE OFFICE OF THE ATTORNEY
GENERAL OF TEXAS, Appellee

Appeal from the 304th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
90-1214-W).
Opinion delivered by Justice O'Neill,
Justices FitzGerald and Lang-Miers
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered December 12, 2012.

_____
MICHAEL J. O'NEILL
JUSTICE