# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00696-CV

**Daniel Caldwell, Appellant**

**v.**

**Jennifer Garfutt, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
## NO. 09-3577-FC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Daniel Caldwell appeals from the trial court's final order holding him in contempt for failure to pay child support, health insurance premiums, and uninsured medical expenses; granting judgment for arrearages; suspending commitment; and modifying the divorce decree. The trial court also entered findings of fact and conclusions of law. For the reasons that follow, we dismiss this appeal for lack of jurisdiction to the extent Caldwell attempts to appeal the portion of the order holding him in contempt and otherwise affirm the trial court's order.[1]

---

[1] On March 20, 2013, the Clerk advised Caldwell that he must inform this Court of the basis on which jurisdiction exists or that this Court would dismiss this cause for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Caldwell filed a pro se response to the Clerk's request on April 1, 2013. He is now represented by counsel. Counsel filed a notice of appearance in May 2013 and filed the appellant's brief in October 2013. Counsel is working on this appeal pursuant to the Third Court's Pro Bono Pilot Program.

Caldwell's first and third issues attack the portion of the trial court's order holding him in contempt. In his first issue, he asks this Court to reverse or vacate the contempt order because it is void. He argues that the order is void because the trial court failed to admonish him of his right to be represented by an attorney or a court-appointed attorney if he was indigent. *See* Tex. Fam. Code § 157.163 (addressing the appointment of attorney in context of motion for enforcement or motion to revoke community service). In his third issue, he asks this Court to find that the contempt order is not enforceable because it exceeds the parties' agreement, imposes criminal contempt, and is vague. A court of appeals, however, generally lacks jurisdiction to review a contempt order on direct appeal. *Hernandez v. Hernandez*, 318 S.W.3d 464, 467 n.1 (Tex. App.—El Paso 2010, no pet.); *In re C.N.*, 313 S.W.3d 490, 491 n.1 (Tex. App.—Dallas 2010, no pet.); *In re Office of Attorney Gen.*, 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding). Accordingly, we do not have jurisdiction to consider Caldwell's first and third issues in this appeal. *See In re C.N.*, 313 S.W.3d at 491 n.1; *In re Office of Attorney Gen.*, 215 S.W.3d at 916 (noting that arrearage judgment appealable and that contempt judgment subject to petition for writ of mandamus if no confinement is involved).

In his second and fourth issues, Caldwell attacks the portions of the trial court's order that found that he had the ability to make payments for past due amounts and that listed the past due amounts of child support, medical expenses, and monthly costs for health insurance. He contends that these portions are not supported by any evidence and exceed the parties' agreement read into the record. But, even if the trial court erred by including the itemized listing and the finding as to Caldwell's ability to pay, Caldwell does not dispute that he agreed to the total amount of past due

amounts in the order. Any error committed by the trial court in including the itemized listing and the finding as to Caldwell's ability to pay then did not probably cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *Merry Homes v. Luu*, 312 S.W.3d 938, 950–51 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (concluding that appellant "[could] not show that any error committed by the trial court in making irrelevant findings either probably caused the rendition of an improper judgment or prevented [appellant] from properly presenting its case on appeal"). Accordingly, we need not address these issues further. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

For these reasons, we dismiss this appeal for want of jurisdiction to the extent Caldwell attempts to appeal from the portion of the order holding him in contempt and otherwise affirm the trial court's order.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed in Part; Dismissed for Want of Jurisdiction in Part

Filed: March 12, 2014