**Dismiss and Opinion Filed February 27, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00400-CV

## IN THE INTEREST OF B.E.T., A CHILD

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-16-0527**

# MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Whitehill

Appellee Mother filed a new trial motion thirty-seven days after the trial judge signed a final divorce decree. Mother, however, never filed a Rule 306a motion or otherwise proved the matters set forth in Rule 306a(4). Nevertheless, the trial judge granted Mother's new trial motion, held a new trial, and signed a new final divorce decree.

Father appeals, arguing that the trial court lacked plenary power to sign the second divorce decree. Mother has not filed an appellee's brief.

We agree with Father and accordingly vacate the second divorce decree and dismiss this appeal.

## I. FACTS

Appellant Father filed a petition seeking a divorce from Mother. Mother did not answer.

On August 29, 2016, the trial court held a bench trial at which Father and a representative of the Texas Attorney General appeared. That same day, the trial court signed a final divorce decree. The decree made both parents joint managing conservators and gave Father the exclusive right to designate B.E.T.'s primary residence.

The clerk's record contains a "notice of court order" by the district clerk. The notice says that a final divorce decree was signed on August 29, 2016. The notice also says that it was mailed on September 6, 2016 to Mother at a specific street address and apartment number.

On September 23, 2016, Mother filed a pro se "notice of appeal." The notice is a form document that Mother completed by hand. It recites that Mother intends "to appeal the decision of the Office of the Attorney General rendered on August 29, 2016. . . . This appeal is taken to the District Court in _____ County, Texas."[1] Mother wrote her address on the notice of appeal. That address is slightly different from the one recited on the September 6, 2016 notice of court order. Specifically, Mother gave her street address number as "406," while the notice of court order said that Mother's street address number was "409." The street name and apartment number were the same on the court clerk's notice and Mother's notice of appeal.

On October 5, 2016, Mother—now acting through counsel—filed a new trial motion. The motion erroneously says that the final divorce decree was signed on September 6, 2016.

Father responded to the new trial motion, arguing that it was filed late.

In November 2016, the trial court heard and orally granted Mother's new trial motion. The judge also made a handwritten docket entry noting that the new trial motion had been granted. The record, however, does not contain a written, signed order granting a new trial.

---

[1] Father says that when the trial judge signed the August 29, 2016 divorce decree he also signed a separate order under a different cause number ending any child support obligations previously imposed on Father. He suggests that Mother's notice was intended to appeal this order. We have no record of any appeal in our Court stemming from Mother's "notice of appeal."

The trial court held another bench trial and later signed a new final decree of divorce. The new decree appointed both parents joint managing conservators and now gave Mother the exclusive right to designate B.E.T.'s primary residence.

Father timely appealed the second divorce decree.

## II. ANALYSIS

Father's sole issue argues that the trial court purported to grant Mother's new trial motion and signed the second divorce decree after the court's plenary power had expired. We agree with Father.

A trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment for thirty days after the judgment is signed. *See* TEX. R. CIV. P. 329b(d); *Pollard v. Pollard*, 316 S.W.3d 246, 251 (Tex. App.—Dallas 2010, no pet.).

The plenary power period is extended if a party files a motion for new trial or a motion to modify, correct, or reform the judgment within thirty days after the judgment is signed. *See* TEX. R. CIV. P. 329b(e), (g); *Florance v. State*, 352 S.W.3d 867, 874 (Tex. App.—Dallas 2011, no pet.). Filing such a motion outside the court's plenary power, however, does not revive or extend the court's plenary power. *Penny v. Shell Oil Prods. Co., L.L.C.*, 363 S.W.3d 694, 697 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

If no plenary power extending motion is timely filed and the thirty day plenary power period expires, the trial court has no authority to set aside its judgment except by bill of review for sufficient cause. *Pollard*, 316 S.W.3d at 251. Judicial action taken after the trial court's plenary power expires is a nullity. *In re C.N.*, 313 S.W.3d 490, 492 (Tex. App.—Dallas 2010, no pet.).

Here, Mother did not file a plenary power extending motion within thirty days after the trial judge signed the first divorce decree. Nor did she file a Rule 306a motion to extend postjudgment deadlines (or establish when she received actual notice of the decree). Her late-filed

–3–

new trial motion did not extend the trial court's plenary power. *See Penny*, 363 S.W.3d at 697. Thus, the trial court lost plenary power thirty days after it signed the first divorce decree, and its proceedings thereafter, including the second divorce decree, were a nullity.[2]

Accordingly, we resolve Father's issue in his favor, vacate the trial court's March 23, 2017 final decree of divorce, and dismiss this appeal for lack of jurisdiction. *See In re C.N.*, 313 S.W.3d at 493.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

170400F.P05

---

[2] Moreover, the trial court did not sign a written order granting a new trial. *See In re Lovito–Nelson*, 278 S.W.3d 773, 775 (Tex. 2009) (orig. proceeding) (per curiam) ("We have been clear that Rule 329b(c) requires a written order to grant a new trial.").



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF B.E.T., A CHILD

No. 05-17-00400-CV

On Appeal from the 15th Judicial District Court, Grayson County, Texas
Trial Court Cause No. FA-16-0527.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

In accordance with this Court's opinion of this date, we **VACATE** the final decree of divorce signed on March 23, 2017, and **DISMISS** the appeal for want of jurisdiction.

It is **ORDERED** that appellant Robert Eric Trissell recover his costs of this appeal from appellee Carlena Jo Bullard.

Judgment entered February 27, 2018.