**AFFIRM; and Opinion Filed June 7, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00913-CV

### JESSICA HEWITT, Appellant
### V.
### MAGNUS GAN, Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-06460-B**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Brown

Appellant Jessica Hewitt raises three issues in this direct appeal from a no-answer default judgment. For reasons that follow, we affirm.

On December 11, 2017, Magnus Gan, acting pro se, sued Hewitt alleging that Hewitt fraudulently conveyed title to a vehicle owned by Gan to herself by forging Gan's signature on the Texas Certificate of Title for the vehicle. He sought injunctive and other relief. The record reflects that Hewitt was personally served on January 18, 2018. She did not file an answer.

Although she did not answer, Hewitt and her attorney were present at a hearing in the case held on March 29, 2018. It is unclear what the purpose of the hearing was. The reporter's record indicates that after the parties identified themselves, the visiting judge who presided over the

hearing wanted to "cover a couple of matters" off the record. The judge said, "So let's go off the record," and that was the end of the recorded portion of the hearing.

Four days later, on April 2, 2018, Gan, now represented by counsel, filed a motion for no-answer default judgment against Hewitt. On April 19, the trial court granted an interlocutory default judgment as to liability, and on May 2, it signed a final default judgment. On May 18, 2018, Hewitt filed her first document in this litigation. It was a request for findings of fact and conclusions of law. Thirty-three days after the trial court's judgment, on June 4, Hewitt filed a motion for new trial asking the trial court to set aside the default judgment. Hewitt asserted that she did not receive notice of the default hearing and she was entitled to notice because she appeared in court at the March hearing. After a hearing, the trial court ruled that Hewitt's motion for new trial was untimely filed. Hewitt then filed this direct appeal.

Hewitt raises the following three issues in this appeal:

1. Whether the trial court acted in an arbitrary or unreasonable manner by granting defendant Gan's motion for default judgment when a general denial or appearance was made in open court on March 29, 2018 with all parties present and an answer was served, but not accepted by the court.

2. Whether notice of a default hearing was required to [Hewitt's] counsel or [Hewitt] herself after [Gan] was served with [Hewitt's] answer, but the filed answer was subsequently rejected for technical defects.

3. Whether an answer is timely filed if it is submitted to the court and served on all parties, but subsequently rejected for not having a cause number on each and every exhibit.

Hewitt's primary argument is that she is entitled to a new trial because she was not given notice of any hearing on the motion for default judgment despite her prior appearance in court. Her other arguments relate to her alleged attempts to e-file an answer.

To be entitled to a new trial after a default judgment, a party must satisfy the three-part test set out in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). The first element of *Craddock* is that a defendant's nonappearance was not intentional or the result

–2–

of conscious indifference. *Id.* When this element is established by proof that the defaulted party was not given notice of a trial setting, the party need not meet the remaining two elements. *C.H. v. S.L.*, No. 02-16-00386-CV, 2018 WL 4925318, at \*8 (Tex. App.—Fort Worth Oct. 11, 2018, no pet.) (mem. op.). To require otherwise would violate a party's due process rights under the Fourteenth Amendment. *See id.* (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86–7 (1988)).

We agree with Hewitt that because she appeared at the March hearing, she was entitled to notice of the default hearing. *See LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam) ("Once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process."); *Bryant v. Gamblin*, 829 S.W.2d 228, 229 (Tex. App.—Eastland 1991, writ denied). However, the law presumes that a trial court will hear a case only after giving proper notice to the parties. *C.H.*, 2018 WL 4925318, at \*8; *Richardson v. Sims*, No. 01-15-01115-CV, 2016 WL 5787291, at \*2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2016, no pet.) (mem. op.). Notice of a trial setting does not always appear in the clerk's record and need not affirmatively appear in the record. *C.H.*, 2018 WL 4925318, at \*8. The record in this case at the time of the default judgment is silent regarding Hewitt's notice of the default hearings, as well as her attempts to file an answer. Thus, to be entitled to have the default judgment set aside for lack of notice, Hewitt was required to set forth evidence to rebut the presumption that she had notice. *See id.*

Hewitt's evidence that the default judgment should be set aside is attached to her untimely motion for new trial.[1] A motion for new trial is timely if it is filed within thirty days after the date on which the trial court's judgment is signed. *See* TEX. R. CIV. P. 329b(a). Hewitt's motion, filed

---

[1] Attached to Hewitt's motion for new trial was her affidavit in which she stated she received no notice of any default judgment. In addition, at the new trial hearing, Hewitt's attorney stated he did not have notice of the hearing to enter a final judgment.

thirty-three days after the judgment, was not timely. Although Hewitt timely filed a request for findings of fact and conclusions of law, that request extended her appellate deadlines, but did not extend the trial court's plenary power. *See Rudberg v. N.B.P.*, No. 05-13-00535-CV, 2014 WL 3016910, at *3 (Tex. App.—Dallas July 2, 2014, no pet.) (mem. op.). If no party to a judgment files a motion that extends the trial court's plenary power, the trial court loses plenary power over a judgment thirty days after the judgment is signed. *Pollard v. Pollard*, 316 S.W.3d 246, 251 (Tex. App.—Dallas 2010, no pet.). The trial court's plenary power in this case expired on June 1, 2018; it did not have power to rule on Hewitt's June 4, 2018 motion.

The issues Hewitt raises in this appeal—whether she was given notice of the default hearing and the adequacy of her attempts to answer—require extrinsic evidence. When extrinsic evidence is necessary to challenge a default judgment, a motion for new trial is a prerequisite to complaining on direct appeal that the judgment should be set aside. *See* TEX. R. CIV. P. 324(b)(1); *Evans v. Linares*, No. 14-14-00468-CV, 2015 WL 1874232, at *4 (Tex. App.—Houston [14th Dist.] Apr. 23, 2015, pet. dism'd) (mem. op.); *see also Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (when extrinsic evidence is necessary to challenge judgment, appropriate remedy is by motion for new trial or bill of review filed in trial court); *Guillen v. Cameron Cty.*, No. 13-16-00682-CV, 2018 WL 5988848, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 15, 2018, no pet.) (mem. op.). This gives the trial court the opportunity to consider and weigh factual evidence. *Ginn*, 282 S.W.3d at 432. An untimely motion for new trial preserves nothing for appellate review. *Moritz v. Preiss*, 121 S.W.3d 715, 720–21 (Tex. 2003). Because Hewitt's motion for new trial and the evidence presented in connection with it were untimely, she cannot rebut the presumption that she received proper notice of the default hearings. *Cf. C.H.*, 2018 WL 4925318, at *8 (party who filed unverified motion for new trial without exhibits and adduced no evidence at new trial hearing did not rebut presumption of proper notice). We overrule Hewitt's three issues.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

180913F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

JESSICA HEWITT, Appellant

No. 05-18-00913-CV      V.

MAGNUS GAN, Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-17-06460-B.
Opinion delivered by Justice Brown, Justices Bridges and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Magnus Gan recover his costs of this appeal from appellant Jessica Hewitt.

Judgment entered this 7th day of June 2019.