**Affirmed in part and Reversed and Remanded in part and Opinion Filed August 8, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00049-CV**

**IN THE INTEREST OF D.G.M., A CHILD**

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-02898**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Miskel

Mother appeals the trial court's final decree of divorce that grants both Father's requested relief at trial and the Office of the Attorney General's (OAG) claims in intervention filed on behalf of the State of Texas relating to the parent–child relationship. She raises one issue on appeal arguing the trial court erred when it denied her motion to reconsider and motion for entry of judgment, because the decree failed to comport with the parents' partial mediated settlement agreement

(MSA), which addressed issues relating to the parent–child relationship.[1] We conclude the trial court erred with respect to the claims between the parents but not with respect to the OAG's intervening claims. The portions of the trial court's final decree of divorce granting the OAG's intervening claims for child support, health insurance, and medical support are affirmed. The remaining portions of the final decree of divorce relating to the parent-child relationship that do not comply with the terms of the parents' MSA are reversed. In all other respects, the final decree of divorce is affirmed. The case is remanded for the trial court to sign a final decree consistent with this opinion.

## I. PROCEDURAL BACKGROUND

On February 12, 2019, Father filed his original petition for divorce. Mother filed a general denial on May 15, 2019, but did not file a counterpetition for divorce or other claims for affirmative relief. On August 27, 2019, the OAG filed a petition in intervention, seeking the determination of parentage, child support, health insurance, and medical support. *See, e.g.*, TEX. FAM. CODE § 231.101(a).

On February 23, 2021, Mother and Father signed a partial MSA with respect to their agreements regarding the parent–child relationship. That same day, the MSA signature page was filed with the clerk's office, but the exhibit that contained the terms of the agreement was not filed. The signature page states in underlined, capital

---

[1] On appeal, Mother does not challenge the portions of the divorce decree dissolving her marriage to Father or dividing the marital property.

letters that the MSA is not subject to revocation and it is signed by Father, Father's attorney, and Mother, who did not have an attorney. The OAG did not sign the MSA.[2] The signature page also states, in part, that "[t]he parties agree to appear in court at the first available date to present evidence and secure rendition of the judgment in accordance with this [MSA]."

The MSA did not dispose of all issues relevant to the divorce proceeding, such as the division of the marital estate or the intervenor's affirmative claims. Five months later, in July 2021, the case was tried before the court. Father appeared with counsel, Mother appeared pro se, the OAG appeared and all announced ready for trial.

The OAG elicited testimony about each parent's net resources and obligations for guideline child support, as well as the fact that the child was receiving health insurance through Medicaid. When the trial court asked for the OAG's closing argument, the OAG limited its requested relief to its intervening claims which related to child support, health insurance, and medical support; not conservatorship or possession.

At the time of trial, Father lived in Texas and Mother lived in Louisiana. During the trial, Father requested that Mother have standard visitation, not week on–

---

[2] Based on the record, it does not appear that the OAG was present at the mediation or a party to the partial MSA. Because the OAG was not a party to the agreement, its signature is not required for the MSA to be binding as to the parents' claims that were settled by the MSA. *See In re Lee*, 411 S.W.3d 445, 458 n.18 (Tex. 2013) (orig. proceeding).

week off. Mother also testified that she did not want a week on–week off possession schedule, because it was stressful for their child and she would like to find a better alternative. As it turns out, these requests were inconsistent with the terms of the parents' MSA that had not yet been filed with the trial court.

At one point during trial, there was an express discussion about agreements between the parents. Mother testified that she and Father had "side agreements" through email in 2019 about the exchange location, but she had not submitted the emails as exhibits for trial. The trial judge told the parties that the best evidence of an agreement is the writing, and that an agreement needs to be in writing. Although Father's attorney had signed the MSA five months earlier, she did not disclose to the trial court that the parties had an agreement in writing. Ultimately, neither Father nor Mother provided the complete MSA to the trial court or testified as to its terms.

At the conclusion of the trial, the trial judge took the matter under advisement. The record contains an August 4, 2021, unsigned, written memorandum ruling that states among other things the divorce is granted based on insupportability, each party is awarded all property in his or her possession, the parents are appointed joint managing conservators with Father having the exclusive right to establish the child's primary residence within Dallas and the contiguous counties and enroll the child in school, Mother is awarded a standard possession schedule for parents residing more than 100 miles of each other, and Mother is ordered to pay child support.

Mother retained counsel and, on September 9, 2021, filed a motion to reconsider the portion of the trial court's memorandum ruling relating to the parent–child relationship and motion for entry of judgment. Attached to her motion was the complete MSA, containing both the signature page and the attached exhibit enumerating the terms of Mother's and Father's agreement. Among other things, Mother and Father had agreed that they would be joint managing conservators, they would have week on–week off access to their child, they would alternate holidays, each parent would cover the child for health insurance on their own state's Medicaid program,[3] neither parent would pay child support to the other parent, and the parties would alternate claiming the child on their taxes. The trial court held a hearing on Mother's motion to reconsider and motion for entry of judgment, and filed an unsigned, written memorandum ruling denying them. Mother did not request that the record on appeal include, and the record on appeal does not contain, a reporter's record of that hearing.

Mother filed a petition for a writ of mandamus asking this Court to compel the trial court to set aside its memorandum rulings and render a final divorce decree that incorporated the parents' MSA, which this Court denied because she had an adequate remedy by appeal. *In re Montes*, No. 05-21-00892-CV, 2021 WL

---

[3] An applicant or recipient of Texas Medicaid must be a resident of Texas. 1 TEX. ADMIN. CODE § 366.517.

–5–

4785740, at *1 (Tex. App.—Dallas Oct. 14, 2021, orig. proceeding [mand. denied]) (mem. op.).

On October 19, 2021, the trial judge signed a final decree of divorce consistent with its August 4, 2021, memorandum ruling, implicitly denying Mother's motion to reconsider and motion for entry of judgment. The OAG signed the final decree, approving it as to form.

Mother timely filed a motion for new trial that argued, in part, that the trial court abused its discretion by failing to render judgment in accordance with the binding MSA. Mother's motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

Mother timely filed a request for findings of fact and conclusions of law as well as a notice of past-due findings of fact and conclusions of law. The trial court did not file written, post-judgment findings of fact and conclusions of law. Although the trial court did not provide the properly requested findings of fact and conclusions of law, the September 29, 2021, unsigned, written memorandum ruling stated as follows:

> All [motions] are denied.

> The MSA was indeed the agreement of the parties at the time it was reached and the parties and the [trial] court followed it. It was [Mother] who asked that it not be followed and said it wasn't working at different points during the course of the litigation. Consequently, the parties attempted to settle with a second mediation which was unsuccessful.

All parties and their counsel, as well as the [trial] court were aware that the MSA would not work for a final settlement and nothing has changed.

PARENTS CANNOT BE JMC[4] WITH WEEK ON WEEK OFF PRIMARY DESIGNATION WHEN THEY LIVE IN SEPARATE STATES once a child begins school age.

[Mother] wanted a final trial and put on evidence and testimony at the trial, requesting relief very different than that contained in the MSA. It is preposterous to this [trial] court that she would take any other position because throughout this case, she has reached agreements and then attempted to revoke them. Because [Mother] was representing herself, the [trial] court was keen to make sure a fair trial was held and that she was not forced into any agreements.

Prior to the final trial, there had been three temporary hearings, two pretrial hearings, five hearing regarding the enforcement action against mother for possession violations and five final trial settings. This case had to be tried.

The memorandum ruling provides an explanation for the trial court's ruling denying Mother's motion to reconsider and motion for entry of judgment, leaving no reason for this Court to guess the basis for the trial court's ruling. *See In re A.E.J.*, No. 05-20-00340-CV, 2020 WL 5107293, at *4–6 (Tex. App.—Dallas Aug. 31, 2020, no pet.) (mem. op.).

## II. MEDIATED SETTLEMENT AGREEMENT

In her sole issue on appeal, Mother argues the trial court erred when it denied her motion to reconsider and motion for entry of judgment. She contends the trial judge signed a final decree of divorce that failed to comport with Mother's and Father's MSA, which addressed all of the parents' claims relating to their child.

---

[4] In the context of the trial court's ruling, "JMC" means Joint Managing Conservators.

Mother contends the MSA satisfies the statutory requirements, and the parents' failure to request a judgment on the MSA during trial did not preclude her right to judgment on the MSA. Further, Mother maintains there were no allegations pleaded that would support setting aside the MSA. As a result, Mother argues that the parties could not revoke their consent to the MSA, and the trial court could not refuse to render a decree adopting the MSA. Mother does not address the portion of the trial court's decree granting the OAG's intervening claims or how the parents' MSA is affected by them.

Father responds that Mother is barred by the doctrine of quasi estoppel from asserting her right to a divorce decree on the MSA because it is inconsistent with her position at trial and works to Father's detriment. Father also argues it would be unconscionable to allow Mother to do so. In the alternative, he argues that Mother is estopped from challenging the divorce decree under the doctrine of invited error.

On appeal, the OAG's argument is perplexing. The OAG filed a plea in intervention, was a party to the litigation, and is an appellee in this appeal. However, instead of filing an appellee's brief arguing the trial court did not err when it signed a decree in favor of the OAG on its intervening claims, the OAG filed an amicus curiae brief. In that amicus curiae brief, the OAG takes a position contrary to the relief it sought at trial. At trial, the OAG filed intervening claims seeking appropriate orders for conservatorship, and current and retroactive child, medical, and dental support. And the trial court found in favor of the OAG on its intervening claims.

However, on appeal, the OAG's amicus curiae brief does not acknowledge that it was an intervenor at trial and, instead, argues the MSA, which included an agreement that each parent would cover the child for health insurance on their own state's Medicaid program and neither parent would pay child support to the other parent, should be enforced in its entirety.

### A. Standard of Review

A trial court abuses its discretion when its actions are arbitrary or unreasonable, or when it acts without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). An appellate court presumes a trial judge acts within her discretion unless the record demonstrates the contrary. *Sahinalp v. Sahinalp*, No. 05-03-00494-CV, 2004 WL 1201626, at *1 (Tex. App.—Dallas June 2, 2004, no pet.) ( mem. op.).

### B. Applicable Law

Texas public policy encourages the peaceable resolution of disputes, particularly disputes involving the parent–child relationship. TEX. CIV. PRAC. & REM. CODE ANN. §§ 152.002–.003; *In re Lee*, 411 S.W.3d 445, 449 (Tex. 2013) (orig. proceeding); *In re A.A.M.*, No. 05-18-01314-CV, 2020 WL 477109, at *2 (Tex. App.—Dallas Jan. 29, 2020, no pet.) (mem. op.). In furtherance of that policy, the parties may agree, or the trial court on its own motion may order, that a dispute affecting the parent–child relationship be submitted to mediation. TEX. FAM. CODE

ANN. § 153.0071(c); *In re Lee*, 411 S.W.3d at 449–50, 451; *In re A.A.M.*, 2020 WL 477109, at *2; *cf.* FAM. § 6.602 (MSA in suit for dissolution of marriage).

An MSA is binding on the parties if the agreement: (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed. FAM. § 153.0071(d); *In re Lee*, 411 S.W.3d at 451–52, 458, 461. If an MSA meets these statutory formalities, it is binding on the parties and requires the trial court to render a divorce decree that adopts the parties' agreement. *See Highsmith v. Highsmith*, 587 S.W.3d 771, 775–76 (Tex. 2019). A party is entitled to judgment on the MSA notwithstanding Rule 11, the Texas Rules of Civil Procedure, or another rule of law. FAM. § 153.0071(e); *see also* FAM. § 6.602 (party is entitled to judgment on MSA in suit for dissolution of marriage notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law). The trial court has discretion to provide clarification of provisions in an MSA so long as it does not substantively alter them. *In re Lee*, 411 S.W.3d at 458 n.17.

Texas law favors the strong enforceability of MSAs in family law cases, and the defenses to the enforceability of an MSA have been strictly limited. Only two narrow statutory exceptions allow a trial court to decline to render a judgment on an

MSA, neither of which apply in this case.[5] *See* TEX. FAM. CODE § 153.0071(e-1). The Family Code does not authorize the trial court to substitute its judgment for the MSA executed by the parties unless those statutory requirements are met. *In re Lee*, 411 S.W.3d at 453. The Legislature was "absolutely clear" in limiting the consideration of best interest to the findings in (e-1). *Id.*

Section 153.0071 also does not permit the parties to an MSA to agree to set aside the MSA. *In re Minix*, 543 S.W.3d 446, 452 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding). "To allow the parties to agree to set aside an irrevocable MSA would render meaningless subsection (e), which provides that 'a party is entitled to judgment on the mediated settlement agreement not withstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.'" *Id.*

However, the rendition of judgment on an MSA is not automatic or a mere formality. *See Highsmith*, 587 S.W.3d at 778. Due process requires that a party receive notice of a hearing to enter judgment based on an MSA so that he may have the opportunity to contest the MSA prior to the rendition of the judgment. *Id.*

---

[5] Parties challenging the validity of a mediated settlement agreement may also be able to avail themselves of applicable contract defenses such as illegality, fraud, duress, or coercion. *See, e.g., Highsmith*, 587 S.W.3d at 777 n.5; *In re A.C.*, 560 S.W.3d at 635; *In re Lee*, 411 S.W.3d at 455 n.10; *Milner v. Milner*, 361 S.W.3d 615, 619 (Tex. 2012); *see also In re B.H.*, No. 05-19-00324-CV, 2019 WL 4254063, at *2 (Tex. App.—Dallas Sept. 9, 2019, no pet.) (mem. op.); *Boyd v. Boyd*, 67 S.W.3d 398, 405 (Tex. App.—Fort Worth 2002, no pet.). However, in this case, none of the parties filed any pleading prior to the entry of the decree raising any of these defenses or requesting the MSA be set aside, so this is not relevant to our discussion.

### C. Mother is Entitled to Judgment on the Mediated Settlement Agreement

As a preliminary matter, we note that the parties do not dispute that the MSA meets the requirements of § 153.0071(d) as to the claims between the parents. The MSA was attached to Mother's motion to reconsider and motion for entry of judgment, and it was referenced in her motion for new trial. Our review of the MSA confirms that it meets the statutory requisites as to Mother and Father. There is prominent notice on the first page of the MSA that it is not subject to revocation, the MSA was signed by Mother and Father, and it was signed by Father's attorney.[6] Accordingly, we conclude the MSA complies with § 153.0071(d) of the Texas Family Code, as to the parents' claims. *See* FAM. § 153.0071(e).

The MSA was not signed by the OAG , who requested relief relating to child support, health insurance, and medical support, so the MSA is not a final and binding resolution of the OAG's affirmative, intervening claims. For example, the parents' agreement between themselves that neither will pay child support does not bind the trial court with respect to the OAG's live pleadings to establish medical support. The Family Code requires the trial court to order a parent to pay cash medical support if the child is receiving government medical assistance. *See id.* § 154.182(b-2).

At trial, both parents requested relief that differed from the terms of the MSA. Neither parent complied with their agreement in the MSA "to appear in court at the first available date to present evidence and secure rendition of the judgment in

---

[6] Mother was not represented by legal counsel and did not have an attorney during the mediation.

–12–

accordance with this [MSA]" by failing to raise the matter during trial. Nevertheless, § 153.0071 does not permit Mother and Father to agree to set aside, revoke, or rescind the MSA through any agreement that is not an MSA. *See In re Minix*, 543 S.W.3d at 452. Father argues that Mother's behavior should allow the trial court to render a decree that varies from the MSA based on various legal theories such as quasi-estoppel, unconscionability, or invited error. However, § 153.0071(e) prohibits a trial court from using "another rule of law" to decline to render a judgment on a mediated settlement agreement. Father contends that this outcome would reward Mother for causing everyone to go through a contested trial by her own inconsistent conduct. However, this ignores the fact that Father and his attorney equally caused a contested trial when they hid the existence of the binding MSA from the trial court. Our conclusion comports with the strong public policy of promoting mediation to limit high-conflict custody disputes,[7] because no party will be incentivized to attempt to have a contested trial while hiding the existence of a binding MSA.

The trial court was understandably frustrated at the procedural headache and unnecessary use of court resources caused by the parents' actions in this case. However, the trial court's reasons for declining to render a decree adopting the terms of the MSA do not comport with any exception allowed by law. Our record on

_____

[7] *See In re Lee*, 411 S.W.3d at 449-50.

appeal does not show that either party filed any motion in the trial court challenging the MSA or raising any permissible defense to its enforceability. Evidence that an MSA has become unworkable is not grounds to set aside the MSA.[8] Accordingly, the MSA is enforceable under § 153.0071, and the trial judge was required to render a divorce decree that adopted the settlement terms between the parents contained in their MSA. *See* FAM. § 153.0071(d); *Highsmith*, 587 S.W.3d at 775–76. As a result, we conclude the trial court erred when it denied Mother's motion to reconsider and motion for entry of judgment as to the claims between the parents. However, we also conclude the trial court did not err when it denied Mother's motion to reconsider and motion for entry of judgment with respect to the OAG's intervening claims.

Issue one is decided in favor of Mother with respect to the claims between the parents and decided against Mother with respect to the OAG's intervening claims.

### III. CONCLUSION

The trial court erred when it denied Mother's motion to reconsider and motion for entry of judgment relating to the remaining claims between the parents in the suit affecting parent-child relationship that were resolved by the parents' MSA. However, the trial court did not err to the extent it denied her motion to reconsider

---

[8] The parties are not without recourse to address an unworkable agreement. For example, § 156.101 of the Texas Family Code provides that a trial court may modify an order if the circumstances have materially and substantially changed since the date of the signing of a mediated settlement agreement on which the order is based. FAM. § 156.101. As soon as a trial court signs a final judgment on the MSA, any party may file a suit for modification if he or she believes that standard to be met.

and motion for entry of judgment with respect to the OAG's intervening claims relating to the parent–child relationship.

The trial court's final decree of divorce is affirmed in part and reversed in part as follows:

(1) The portions of the trial court's final decree of divorce granting the parents' divorce and division of property are affirmed because they were not challenged on appeal. *See McKnight v. McKnight*, 543 S.W.2d 863, 868 (Tex. 1976); *Pollard v. Pollard*, 316 S.W.3d 246, 249 (Tex. App.—Dallas 2010, no pet.) (recognizing appellate courts have authority to affirm and sever issue of divorce while remanding property divisions and other issues).

(2) The portions of the trial court's final decree of divorce granting the OAG's intervening claims for child support, health insurance, and medical support are affirmed.

(3) The remaining portions of the trial court's final decree of divorce relating to the parent-child relationship are reversed.

The case is remanded to the trial court to sign a divorce decree that conforms to Mother's and Father's MSA on all other matters affecting the parent-child relationship that were agreed in the MSA.

|  |  |
|---|---|
| 220049f.p05 | /Emily Miskel/<br>EMILY MISKEL<br>JUSTICE |

–15–



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

IN THE INTEREST OF D.G.M., A CHILD

No. 05-22-00049-CV

On Appeal from the 301st Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-19-02898. Opinion delivered by Justice Miskel. Justices Carlyle and Garcia participating.

In accordance with this Court's opinion of this date, the trial court's final decree of divorce is **AFFIRMED** in part and **REVERSED** in part as follows:

(1) The portions of the trial court's final decree of divorce granting the divorce of SARABETH TAYLOR MONTES and JESUS MANUEL MONTES and division of their property are **AFFIRMED**.

(2) The portions of the trial court's final decree of divorce granting the OFFICE OF THE ATTORNEY GENERAL OF TEXAS's intervening claims for child support, health insurance, and medical support are **AFFIRMED**.

(3) The remaining portions of the trial court's final decree of divorce relating to the parent-child relationship not addressed by the OFFICE OF THE ATTORNEY GENERAL OF TEXAS's intervening claims are **REVERSED**.

In all other respects, the trial court's judgment is **AFFIRMED**.

We **REMAND** this cause to the trial court to sign a divorce decree that conforms to SARABETH TAYLOR MONTES's and JESUS MANUEL MONTES's partial Mediated Settlement Agreement with respect to all matters

affecting the parent-child relationship that were agreed in the partial Mediated Settlement Agreement and not addressed by the OFFICE OF THE ATTORNEY GENERAL OF TEXAS's intervening claims.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 8th day of August 2023.